# UNITED STATES DISTRICT COURT
### District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>JOHN DECROSTA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 2:09-CR-159-KJD-LRL<br>USM Number:<br>T. Louis Palazzo<br>Defendant's Attorney |

**Date of Original Judgment:** 8/12/2010
**(Or Date of Last Amended Judgment)**

## Reason for Amendment:
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s)  1 of the information
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC §1084 | Interestate Transmission of Wagering Information | 9/27/2008 | 1 |
| 18 USC §2 | Aiding and Abetting | 9/27/2008 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 27, 2010
Date of Imposition of Judgment

_/s/_
Signature of Judge

KENT J. DAWSON, U.S. DISTRICT JUDGE
Name and Title of Judge

August 27, 2010
Date

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 4 — Probation                                                                                           (NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-00159-JCM-LRL   Document 14   Filed 08/27/10   Page 2 of 11

Judgment—Page   2   of   5

DEFENDANT: JOHN DECROSTA
CASE NUMBER: 2:09-CR-159-KJD-LRL

# PROBATION

The defendant is hereby sentenced to probation for a term of:

3 YEARS

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 4C — Probation (NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-00159-JCM-LRL   Document 14   Filed 08/27/10   Page 3 of 11

Judgment—Page __3__ of __5__

DEFENDANT: JOHN DECROSTA
CASE NUMBER: 2:09-CR-159-KJD-LRL

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. You shall submit your person, property, residence, place of business and vehicle under your control to a search conducted by the United States Probation Officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3. You shall be confined to home confinement with location monitoring, if available, for a period of six (6) months. You shall pay 0% of the costs of the location monitoring services.

4. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

5. You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

6. You shall be prohibited from gambling or from being engaged in legal or illegal gambling in a race and/or sports book facility, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved and directed by the probation officer. While you may enter a Nevada gaming establishment for the purpose of dining, attending a movie, or purchasing merchandise, you shall not loiter in any location within that facility where gaming occurs, including race and sports book gaming.

7. You shall be restricted from engaging in employment, consulting, or any association with any Sports betting or horse betting business for a period of 3 years.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
              Sheet 5 — Criminal Monetary Penalties                                                           (NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-00159-JCM-LRL   Document 14   Filed 08/27/10   Page 4 of 11

Judgment — Page  4  of  5

DEFENDANT:
CASE NUMBER:

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the ____   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHN DECROSTA
CASE NUMBER: 2:09-CR-159-KJD-LRL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** **X** Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

**X** The defendant shall forfeit the defendant's interest in the following property to the United States:
the items listed in the preliminary order of forfeiture (attached.)* (preliminary order never attached on original)  The preliminary order is made final.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

2009 MAY 12 P 2:38

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) 2:09-CR-159- KJD (LRL)
)
JOHN DeCROSTA, )
)
Defendant. )

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on May 12, 2009, defendant JOHN DeCROSTA pled guilty to Count One of a One Count Criminal Information charging him with Interstate Transmission of Wagering Information in violation of 18 U.S.C. § 1084 and agreed to the forfeiture of property set forth in the Forfeiture Allegation of the Criminal Information.

AND WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(1), this Court finds that the United States of America has shown a nexus between property set forth in the Forfeiture Allegation of the Criminal Information, and the offense to which defendant JOHN DeCROSTA pled guilty.

AND WHEREAS, the following is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7)(A), and 1961(1)(B); and 28 U.S.C. § 2461(c):

    a)     $108,509.00 in United States Currency seized from Knud Christiansen;

    b)     $4,957.61 in United States Currency seized from Wells Fargo Checking Account Number 515-3046148 in the Name of Jeffrey Jelinsky, 3177 Wisteria Tree Street, Las Vegas, Nevada 89135, located at Wells Fargo Bank, 3300 West Sahara Avenue, Las Vegas, Nevada 89102;

c) $1,582.33 in United States Currency seized from Wells Fargo Checking Account Number 594-3441658 in the Name of Leigh Jelinsky, 7532 Salvadora Place, Las Vegas, Nevada 89113, located at Wells Fargo Bank, 3300 West Sahara Avenue, Las Vegas, Nevada 89102;

d) $15,015.77 in United States Currency seized from Wells Fargo Money Market Savings Account Number 290-8505775 in the Name of David C. Jelinsky, a Minor by Leigh A. Jelinsky, 7532 Salvadora Place, Las Vegas, Nevada 89113, located at Wells Fargo Bank, 3300 West Sahara Avenue, Las Vegas, Nevada 89102;

e) $15,015.61 in United States Currency seized from Wells Fargo Money Market Savings Account Number 290-8505767 in the Name of Lukas J. Jelinsky, a Minor by Leigh A. Jelinsky, 7532 Salvadora Place, Las Vegas, Nevada 89113, located at Wells Fargo Bank, 3300 West Sahara Avenue, Las Vegas, Nevada 89102;

f) $36,000.00 in United States Currency seized from Bank of America Checking Account Number 5010 0083 4908 in the Name of Leigh A. Jelinsky, 7532 Salvadora Place, Las Vegas, Nevada 89113, located at Bank of America, 300 South 4th Street, Las Vegas, Nevada 89101;

g) $1,150.00 in United States Currency seized from John Astarita's person;

h) $15,982.00 in United States Currency seized from 4620 Panoramic Court, Las Vegas, Nevada;

i) $5,000.00 in United States Currency and 9 gaming tickets for various sporting events seized from John Astarita;

j) $341,800.00 in United States Currency seized from John Astarita in the form of all money, gaming chips, and negotiable instruments of safe deposit box #77 at the Rampart Hotel and Casino;

k) $75,604.05 in United States Currency seized from Bank of America Account Number 0049 6191 1409 in the name of Jacktrade LLC, 8725 Robinson Ridge Drive, Las Vegas, Nevada 89117, located at Bank of America, 300 South 4th Street, Las Vegas, Nevada 89101;

l) $23,696.90 in United States Currency seized from Bank of America Checking Account Number 5010 0047 0087 in the name of Michael Jelinsky and Barbara Jelinsky, 89 Tapadero Lane, Las Vegas, Nevada 89135, located at Bank of America, 300 South 4th Street, Las Vegas, Nevada 89101;

m) $75,883.53 in United States Currency seized from Bank of America Checking Account Number 5010 0180 1804 in the name of Kristie D. Gulia, 6008 Valley Flower Street, North Las Vegas, Nevada 89081, located at Bank of America, 300 South 4th Street, Las Vegas, Nevada 89101;

n) $29,833.00 in United States Currency seized from Jeffrey Jelinsky near 5900 West Tropicana Avenue, Las Vegas, Nevada;

o) $6,663.00 in United States Currency seized from Michael Jelinsky located at 11282 Merado Peak Drive, and on the person of Michael Jelinsky, and in the control of Michael Jelinsky;

p) Diamond Ring given by Michael Jelinsky to his Fiancé Kristie Gulia seized from Kristie Gulia;

q) $36,301.00 in United States Currency seized from Kristie Gulia on September 28, 2007;

r) $44,020.00 in United States Currency from cashed Palms Casino tickets seized from Michael Jelinsky;

s) $90,804.00 in United States Currency seized from John DeCrosta at 5370 East Craig Road #2282-37, Las Vegas, Nevada;

t) $10,010.00 in United State Currency seized from Michael Jelinsky;

3

u)     $92,208.99 in United States Currency seized from Bank of America Checking Account Number 0049 6170 4894 in the name of International Racing Group Inc., Pari-Mutuel Customer Account, Youbet.com Attn: Dennis Cruz, 5901 Desoto Avenue, Woodland Hill, California 91367, located at Bank of America 300 South 4th Street, Las Vegas, Nevada 89101;

v)     $1,334,212.31 in United States Currency seized from Bank of America Checking Account Number 0049 7119 4119 in the name of It's All Good Buddy Inc., International Racing Group, Curacao Expense, Youbet.com, Attn: Dennis Cruz, 5901 Desoto Avenue, Woodland Hills, California 91367, located at Bank of America 300 South 4th Street, Las Vegas, Nevada 89101;

w)     $40,285.50 in United States Currency seized from Bank of America Checking Account Number 0049 7119 4122 in the name of It's All Good Buddy Inc., International Racing Group, IRG-Customer Account, Youbet.com, Attn: Dennis Cruz, 5901 Desoto Avenue, Woodland Hills, California 91367, located at Bank of America 300 South 4th Street, Las Vegas, Nevada 89101;

x)     $30,000.00 in United States Currency seized from Wells Fargo Preferred Savings Account Number 9269380485 in the name of Barbara Jelinsky, 11282 Merado Peak Drive, Las Vegas, Nevada 89135, located at Wells Fargo Bank 3300 West Sahara Avenue, Las Vegas, Nevada 89102;

y)     $16,440.56 in United States Currency Seized from Bank of America Checking Account Number 0050 1024 3470 in the Name of Barbara Jelinsky, 11282 Merado Peak Drive, Las Vegas, Nevada 89135, located at Bank of America, 300 South 4th Street, Las Vegas, Nevada 89102;

. . .

. . .

. . .

|   |     |                                                                                                                                                                                                                                                                                                                 |
|---|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | z)  | $90,257.87 in United States Currency seized from Bank of America Checking Account Number 0038 1332 3913 in the name of Barbara Jelinsky, 27 Andover Drive, Wayne, New Jersey 07470, located at Bank of America, 300 South 4th Street, Las Vegas, Nevada 89101;                                                  |
|   | aa) | $7,095.00 in United States Currency seized from John DeCrosta;                                                                                                                                                                                                                                                  |
|   | bb) | $9,447.68 in United States Currency seized from Valley National Bank Checking Account Number 55289223 in the name of Barbara Jelinsky, 27 Andover Drive, Wayne, New Jersey 07470, located at Valley National Bank, 1200 Preakness Avenue, Wayne, New Jersey 07470;                                              |
|   | cc) | $759.94 in United States Currency seized from Valley National Bank Checking Account Number 52555666 in the name of Leonard Jelinsky Irrevocable Trust, 27 Andover Drive, Wayne, New Jersey 07470, located at Valley National Bank, 1200 Preakness Avenue, Wayne, New Jersey 07470; and                          |
|   | dd) | $2,700,000.00 in United States Currency seized from Poker Palace.                                                                                                                                                                                                                                               |

AND WHEREAS, by virtue of the guilty plea, the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all right, title, and interest of JOHN DeCROSTA in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this Order, notice of intent to dispose of the property in such a manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within

thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. A copy of the petition shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Lloyd D. George United States Courthouse
> 333 Las Vegas Boulevard South, Suite 5000
> Las Vegas, Nevada 89101.

The notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described asset.

DATED this 12th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE